UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANYES KIM,<br><br>            Plaintiff,<br><br>   v.<br><br>STATE FARM FIRE & CASUALTY COMPANY,<br><br>            Defendant. | C17-1395 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on a motion for partial summary judgment, docket no. 22, brought by defendant State Farm Fire and Casualty Company[1] ("State Farm"). Having reviewed all papers filed in support of, and in opposition to, the motion,[2] the Court enters the following order.

---

[1] In the motion, counsel identified the moving party as State Farm Mutual Automobile Insurance Company, *see* Motion at 1 (docket no. 22), but a subsequent declaration by a Field Assignment Team Manager for State Farm clarifies that the insurance policy at issue in this litigation was underwritten by State Farm Fire and Casualty Company, which has been properly named as the sole defendant, *see* Tiersma Decl. at ¶ 6 & Ex. 3 (docket no. 30).

[2] In addition to (i) State Farm's motion, docket no. 22, and the supporting declaration of its counsel, docket no. 23, (ii) plaintiff's response, docket no. 27, and the declaration of her attorney, docket no. 28, and (iii) State Farm's reply, docket no. 29, the Court has considered the declaration of Carrie Tiersma, docket no. 30, which was filed in response to the Court's direction to provide copies of certain letters.

ORDER - 1

**Background**

Plaintiff Anyes Kim was injured on September 11, 2012, while a passenger in a 2007 Nissan Frontier owned and driven by her fiancé Joseph Browder. *See* Exs. 3 & 4 to Kirkpatrick Decl. (docket nos. 23-3 & 23-4). Plaintiff did not have any key for, and had never driven, the Nissan, but during the time she and Browder had been living together, she had ridden in the truck approximately once per week on "date night," usually a Sunday. *Id.* At the time of the accident, which the parties agree was caused by an uninsured driver, plaintiff had insurance through State Farm for her own vehicle, a 2008 Toyota Scion. *See* Def.'s Mot. at 2-3 (docket no. 22); Ex. 3 to Kirkpatrick Decl. (docket no. 23-3 at 3). Plaintiff's policy contained a personal injury protection ("PIP") provision, but Browder's policy for the Nissan Frontier did not. *See* Compl. at ¶¶ 4.6 & 4.7 (docket no. 1-2); Answer at ¶¶ 4.6 & 4.7 (docket no. 7). Both plaintiff's and Browder's policies offered uninsured motorist ("UIM") coverage, which is not at issue in the pending motion for partial summary judgment.

By letter dated December 19, 2012, State Farm denied PIP benefits to plaintiff pursuant to the following exclusion: "THERE IS NO COVERAGE FOR AN *INSURED* . . . WHO IS **OCCUPYING** A **MOTOR VEHICLE** . . . FURNISHED FOR **YOUR** REGULAR USE IF IT IS NOT **YOUR CAR** OR A **NEWLY ACQUIRED CAR**." *See* Ex. 1 to Kirkpatrick Decl. (docket no. 23-1 at 7) (emphasis in original); Tiersma Decl. at ¶¶ 4-7 & Exs. 2 & 3. On August 16, 2017, plaintiff served on the Washington State Insurance Commissioner a complaint against State Farm alleging breach of contract, insurance bad faith, violation of Washington's Consumer Protection Act ("CPA"), and

1 violation of Washington's Insurance Fair Conduct Act ("IFCA").  <u>See</u> Summons &

2 Compl. (docket no. 1-2).  The complaint was later filed in King County Superior Court,

3 and the action was removed by State Farm on September 15, 2017.  <u>See</u> Notice of

4 Removal (docket no. 1).

**Discussion**

State Farm moves for summary judgment (i) as to the extra-contractual (bad faith, CPA, and IFCA) claims on the ground that they are time barred, (ii) with regard to the contractual and extra-contractual claims relating to the denial of PIP benefits on the basis of the earlier-quoted "regular use" exclusion, and (iii) with respect to the CPA claim on the theory that such claim may not be premised on the denial of insurance benefits for personal injuries.  State Farm's arguments concerning the limitations period have merit and, as a result, the extra-contractual claims must be dismissed and the Court need not reach the separate issue of whether plaintiff may pursue a CPA claim in connection with the denial of PIP benefits.  As to plaintiff's breach of contract claim relating to the denial of PIP benefits, the Court concludes that questions of fact and issues of law preclude summary judgment.

**A.     Standard for Summary Judgment**

The Court shall grant summary judgment if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  A fact is material if it might affect the outcome of the suit under the governing law.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn.  *Id.* at 255, 257.  When the record, taken as a whole, could not, however, lead a rational trier of fact to find for the non-moving party on matters as to which such party will bear the burden of proof at trial, summary judgment is warranted.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see also Celotex*, 477 U.S. at 322-23.

**B.     Limitations Periods for Extra-Contractual Claims**

The parties do not dispute that both insurance bad faith and IFCA claims have a limitations period of three years or that a CPA claim must be brought within four years of its accrual.  *See* RCW 4.16.080(2); RCW 19.86.120.  The parties disagree, however, concerning when the limitations periods began to run on plaintiff's extra-contractual claims.  Although State Farm denied PIP benefits by letter dated December 19, 2012, plaintiff contends that her bad faith, IFCA, and CPA claims, which were brought almost five years later, are timely under a "continuing tort" theory because State Farm continued to respond to her lawyer's efforts to change its mind.  Plaintiff cites no authority for such proposition, and the Court concludes it has no merit.  *See Dees v. Allstate Ins. Co.*, 933 F. Supp. 2d 1299, 1306-07 (W.D. Wash. 2013) (citing *Lenk v. Life Ins. Co. of N. Am.*, 2010 WL 5173207 at *2 (E.D. Wash. Dec. 13, 2010) (concluding that an insurance bad faith claim accrues at the time that coverage is denied)).

C.  **Personal Injury Protection Benefits**

State Farm contends that the PIP provision in the policy for plaintiff's Toyota Scion excluded coverage because plaintiff was injured while occupying a motor vehicle (her fiancé's Nissan Frontier) that was furnished for her regular use. State Farm's argument requires the Court to interpret language ("furnished for . . . regular use") that is not defined in the policy. To do so, the Court must construe the insurance contract as a whole, giving the policy the "fair, reasonable, and sensible construction" that an average person purchasing insurance would. *See Vision One, LLC v. Phila. Indem. Ins. Co.*, 174 Wn.2d 501, 512, 276 P.3d 300 (2012); *see also Panorama Vill. Condo. Owners Ass'n Bd. of Dirs. v. Allstate Ins. Co.*, 144 Wn.2d 130, 137, 26 P.3d 910 (2001). Under Washington law, inclusionary clauses are liberally construed in favor of coverage, while exclusionary provisions are interpreted strictly against the insurer. *See Assurance Co. of Am. v. Wall & Assocs. LLC of Olympia*, 379 F.3d 557, 560 (9th Cir. 2004).

In support of its assertion that a vehicle, which plaintiff never drove and had no key to operate, was furnished for her regular use, State Farm cites three cases, *Anderson v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 1577870 (W.D. Wash. May 30, 2007), *Grange Ins. Ass'n v. MacKenzie*, 103 Wn.2d 708, 694 P.2d 1087 (1985), and *Nelson v. Mut. of Enumclaw*, 128 Wn. App. 72, 115 P.3d 332 (2005). In all of these cases, however, the denial of coverage concerned the **driver** of a vehicle deemed furnished for his or her regular use. *Anderson*, 2007 WL 1577870 at *1 ("Plaintiff was driving and [her child] M.A. sat directly behind her in the backseat."); *MacKenzie*, 103 Wn.2d at 710 ("George, his wife, and James were riding in James's Ford. George, as always, was

driving."); <u>Nelson</u>, 128 Wn. App. at 74 ("The vehicle accident occurred in October 2000, while Ms. Nelson worked as a substitute driver for a rural route mail carrier in Odessa, Washington. . . . When Ms. Nelson substituted for Mr. Frederick, she drove his Saturn."). State Farm has offered no authority for the proposition that a vehicle in which an individual is occasionally a passenger, but which the person has never driven and for which the person has no key, is furnished for his or her regular use. State Farm simply has not met its burden of establishing an absence of genuine disputes of material fact or entitlement to judgment as a matter of law with respect to plaintiff's breach of contract claim relating to the denial of PIP benefits.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) State Farm's motion for partial summary judgment, docket no. 22, is GRANTED in part and DENIED in part. Plaintiff's insurance bad faith, CPA, and IFCA claims are DISMISSED with prejudice as time barred. State Farm's motion is otherwise DENIED.

(2) The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 7th day of February, 2019.

Thomas S. Zilly
United States District Judge